UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RICARDO MONTES,                                       :
                                                      :
       Petitioner                             :   **ORDER AMENDING ORDER**
                                                      :   **DENYING PETITION**
  -against-                                          :
                                                      :   07 Civ. 9869 (AKH)
UNITED STATES OF AMERICA,                             :
                                                      :
       Respondent.                            :
---------------------------------------------------------------- x
UNITED STATES OF AMERICA,                             :
                                                      :
  -against-                                          :
                                                      :   04 Cr. 242 (AKH)
RICARDO MONTES,                                       :
                                                      :
       Defendant.                             :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        I issued a tentative order on December 20, 2007, denying petitioner's complaint to review his judgment of conviction (28 U.S.C. § 2255) and ordering his petition dismissed (28 U.S.C. § 2243); denying a certificate of appealability (28 U.S.C. § 2253(c)); and <u>sua sponte</u>, revisiting the sentence that I had ordered. Subject to reconsideration after I obtained the views of counsel and the probation department, I considered the level of enhanced punishment attributable to his plea of guilty for distribution of "crack", rather than powder cocaine, found that a recalculation according to the changed ratio promulgated by the Sentencing Commission would not benefit petitioner (because of other aspects of his criminal conduct for which he had pleaded guilty), but that he could benefit appreciably if I were to apply the 20:1 ratio that the Sentencing Commission had recommended several years earlier. Provisionally and not as a final order, I

considered that the goal of just punishment would better be served if petitioner's punishment would be reduced from 151 months of custody, to 120 months of custody.

The Probation Office expressed agreement with the arithmetic of my calculations under the Sentencing Guidelines, but maintained its position that petitioner was a Career Offender and that the Career Offender calculation also should have been considered. I had declined to punish defendant as a Career Offender, in light of my departure pursuant to section 5K1.1 of the Guidelines to reflect his significant cooperation with the government, and other considerations relating to the nature of his prior convictions.

Defense Counsel[1] argued that I was correct in recalculating petitioner's sentence, and argued, in effect, that I had the right to resentence petitioner using fresh considerations under 18 U.S.C. §3553(a).[2] Petitioner added his own letter, submitting complaints about perceived deficiencies of trial counsel.

The government argued that I lacked the authority to re-sentence petitioner except as it conformed to Guideline revisions promulgated by the Sentencing Commission. The government is correct. My statutory authority to reduce a sentence after the Sentencing Commission reduces the relevant sentencing range must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Guidelines sets out the amended Policy Statement and makes it clear that a sentence should not be reduced if the amendment of the Guidelines "does not have the effect of lowering the defendant's guideline range." Id., § 1B1.10(b)(2)(B).

---

[1] Because petitioner was unrepresented at the time of my December 20, 2007 order reducing his sentence, I appointed CJA counsel to represent petitioner in connection with the comments I invited on my decision to resentence petitioner. See Order for Appointment of Counsel, dated January 9, 2008.
[2] Defense counsel also noted his objections to the amended marijuana conversion table in U.S.S.G. § 2D1.1, but his concerns are not before me in this case.

My recalculation of the Guidelines, applying the Sentencing Commission's amendments effective November 1, 2007, was set out at pages four and five of my order of December 20, 2007. The two-level reduction in the "crack" enhancement, as it was applicable to petitioner's conduct, did not change the net offense level of 30, or the range of custodial punishment of 151 to 188 months. Essentially, this was because petitioner trafficked in MDMA as well as "crack", leaving his offense level unaffected. My prior order sets out the formulas for calculation. The Probation Department confirms that my calculation is accurate.

Section 3582 (c)(2) provides that the court may reduce the term of imprisonment, "after considering the factors set forth in section 3553(a)," if such a reduction "is consistent with applicable policy statements issued by the Commission." This means that the sentencing court may reduce the sentence, but is not compelled to do so if reduction would not satisfy the considerations set out in section 3553(a). For example, the sentencing court does not have to reduce a sentence if such reduction would not reflect "the nature and circumstances of the offense and the history and characteristics of the defendant," or "reflect the seriousness of the offense," or satisfy other of the considerations provided by 18 U.S.C. § 3553(a).[3] Furthermore, if the sentencing court determines that a sentencing reduction would be appropriate, its power to reduce is limited; the reduction must be "consistent with applicable policy statements issued by the Commission," 18 U.S.C. § 3582(c)(2), that is, a sentence cannot be reduced since the amendment to the Guidelines "does not have the effect of lowering the defendant's guideline range." Id., § 1B1.10(b)(2)(B). I sentenced petitioner based on a Guidelines net offense level of 30, and the recalculation authorized by the amendment to the Guidelines also yields a net offense level of 30.

---

[3] I note that petitioner's original sentence reflected the § 3553(a) factors.

The Policy Statement expressed in section 1B.10 of the Guidelines provides that proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full re-sentencing of the defendant." If I am to be "consistent" with that provision, I may not conduct a new sentencing hearing, or re-sentence petitioner according to the discretion given to a sentencing judge in the context of such a sentencing hearing; I have discretion only to consider if a reduction would be appropriate. Any reduction I order can be no greater than that provided by the amendments to the Sentencing Guidelines. United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, -- U.S. --,128 S.Ct. 558 (2007) do not apply. Thus, I lacked jurisdiction to reduce petitioner's sentence, from 151 months of custody to 120 months of custody, and that portion of my provisional order has to be withdrawn.

For the reasons stated, the petition to review petitioner's judgment of conviction is denied; the petition is dismissed; and no certificate of appealability shall issue. However, as to the issue of petitioner's re-sentencing, in light of the novelty of the issues, my holding that the sentencing court's discretion is limited on re-sentencing merits review by the Court of Appeals, whether as a denial of a constitutional right or as normal appellate review of a sentence. See Fed. R. Crim. P. 32(j).

SO ORDERED.

Dated:   April 2, 2008
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge